UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND

CHAMBERS OF
STEPHANIE A. GALLAGHER
UNITED STATES MAGISTRATE JUDGE

101 WEST LOMBARD STREET
BALTIMORE, MARYLAND 21201
(410) 962-7780
Fax (410) 962-1812

March 24, 2014

LETTER TO COUNSEL:

      RE:   *Michelle Lynn Walters v. Commissioner, Social Security Administration*;
              Civil No. SAG-13-1777

Dear Counsel:

On June 19, 2013, the Plaintiff, Michelle Lynn Walters, petitioned this Court to review the Social Security Administration's final decision to deny her claims for Supplemental Security Income and Disability Insurance Benefits. (ECF No. 1). I have considered the parties' cross-motions for summary judgment. (ECF Nos. 15, 17). I find that no hearing is necessary. Local Rule 105.6 (D. Md. 2011). This Court must uphold the decision of the agency if it is supported by substantial evidence and if the agency employed proper legal standards. 42 U.S.C. §§ 405(g), 1383(c)(3); *see Craig v. Chater*, 76 F.3d 585, 589 (4th Cir. 1996). I will deny both motions, vacate the opinion of the Administrative Law Judge, and remand the case for further consideration. This letter explains my rationale.

Ms. Walters filed her claims for benefits in March, 2010, alleging a disability onset date of November 30, 2008. (Tr. 140-50). Her claims were denied initially and on reconsideration. (Tr. 66-73, 74-77). A hearing was held on December 19, 2011 before an Administrative Law Judge ("ALJ"). (Tr. 32-61). Following the hearing, on January 27, 2012, the ALJ determined that Ms. Walters was not disabled during the relevant time frame. (Tr. 12-31). The Appeals Council denied Ms. Walters's request for review, (Tr. 1-5), so the ALJ's decision constitutes the final, reviewable decision of the agency.

The ALJ found that Ms. Walters suffered from the severe impairments of chronic abdominal pain status post gastric bypass, carpal tunnel syndrome of the right hand, obesity, depression, and anxiety. (Tr. 17). Despite these impairments, the ALJ determined that Ms. Walters retained the residual functional capacity ("RFC") to:

> perform light work as defined in 20 CFR 404.1567(b) and 416.967(b) except the claimant can never climb ladders, ropes, or scaffolds; can only occasionally finger with the dominant right upper extremity; must avoid hazards, including moving machinery and unprotected heights; is limited to simple, routine, and repetitive tasks; requires a low stress job, defined as having only occasional decision making and occasional changes in the work setting; and can engage in only occasional direct interaction with the public.

(Tr. 19). After considering the testimony of a vocational expert ("VE"), the ALJ determined that Ms. Walters could perform jobs existing in significant numbers in the national economy, and that she was not therefore disabled. (Tr. 23-24).

Ms. Walters presents one primary argument on appeal, suggesting that the ALJ did not adequately consider the opinion of two treating physicians. While I disagree with the argument that inadequate weight was assigned to Ms. Walters's mental health provider, I agree that the ALJ's analysis of issues pertaining to her physical ability to work was inadequate. Accordingly, I remand for further analysis. In so holding, I express no opinion as to whether the ALJ's ultimate conclusion that Ms. Walters is not entitled to benefits was correct or incorrect.

Turning first to the unsuccessful argument, Ms. Walters contends that the ALJ did not assign sufficient weight to her treating mental health provider, Dr. Zhang. Pl. Mot. 10-11. However, the ALJ's opinion contains extensive review of Ms. Walters's testimony about her daily activities, along with a summary of her mental health treatment records and her psychological evaluations. (Tr. 20-22). The ALJ then assigns "little weight" to Dr. Zhang's opinion, citing the extreme nature of the restrictions in that opinion and contrasting the restrictions with "Dr. Zhiang's own treatment notes, which indicate consistently high GAF scores ranging from 70 to 80, as well as the claimant's own testimony." (Tr. 22). It is well established that GAF scores are not determinative of disability. *See, e.g., Davis v. Astrue*, Case No. JKS–09–2545, 2010 WL 5237850, at *3 (D. Md. Dec. 15, 2010). However, nothing prohibits an ALJ from considering GAF scores as one component of a full analysis of the evidence of record. The scores contained repeatedly in Dr. Zhang's treatment notes stand in marked contrast to the significant limitations suggested in Dr. Zhang's opinion. Accordingly, and in light of the remainder of the analysis in the ALJ's opinion, I find no error in the assignment of "little weight."

I do find, however, that the ALJ provided insufficient analysis of Ms. Walters's physical condition, particularly as it relates to her credibility assessment. The ALJ made the conclusory finding that Ms. Walters's complaints of pain were not credible "to the extent they are inconsistent with the above residual functional capacity assessment." (Tr. 20). The ALJ provides no express explanation or factual support for that credibility finding. It appears that the ALJ may rely in part on her assessment that "diagnostic testing and examinations give no indication of abnormalities" to support Ms. Walters's "ongoing complaints of abdominal pain." (Tr. 21). However, the ALJ both fails to acknowledge a 2009 CT scan finding colonic inflammation, (Tr. 401), and fails to discuss any of the myriad reports from various physicians describing abdominal tenderness on examination. (Tr. 624, 626, 652, 655, 1060, 1097, 1117, 1125, 1140, 1173, 1177, 1185, 1198-99). In fact, Ms. Walters's treating physician, Dr. Jagannath, specifically cited "tenderness on palpation" as one of the clinical findings supporting his assessment. (Tr. 1222). In the absence of further express justification for the credibility assessment, I cannot determine whether the ALJ's conclusion was supported by substantial evidence, particularly in light of existing medical evidence that might substantiate complaints of pain. Moreover, the ALJ's assessment of Dr. Jagannath's opinion focused on the conclusion that Ms. Walters would need numerous lengthy restroom breaks, and did not consider the interplay

*Michelle Lynn Walters v. Commissioner, Social Security Administration*;
Civil No. SAG-13-1777
March 24, 2014
Page 3

between her abdominal pain and her ability to perform work. (Tr. 22). The case will be remanded for the ALJ to fulfill her duty of explanation as to these issues.

For the reasons set forth herein, both parties' motions for summary judgment (ECF Nos. 15 and 17) will be DENIED. The opinion of the Administrative Law Judge is VACATED and the case is REMANDED to the Commissioner for further proceedings in accordance with this opinion. The clerk is directed to CLOSE this case.

Despite the informal nature of this letter, it should be flagged as an opinion. An implementing Order follows.

Sincerely yours,

/s/

Stephanie A. Gallagher
United States Magistrate Judge